IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NAOMI BOONE,
as personal representative of the
Estate of (M.P.D.B.), deceased, and
NAOMI BOONE, individually,

        Plaintiffs,

v.                                  Case No. 14-2548-JTM

TFI FAMILY SERVICES, INC., et al.,

        Defendants.

## MEMORANDUM AND ORDER

This case arises out of the abuse-related death of M.B., plaintiff Naomi Boone's minor child. M.B. died from injuries sustained at the hand of his natural father, Lee Davis, after defendant TFI Family Services, Inc. ("TFI") placed him in Davis's home. Plaintiff brought this ten-count civil complaint against defendants TFI, the State of Kansas, the Kansas Department for Children and Families ("DCF"), and several Kansas employees in their individual capacities. Before the court is defendants Adcock, Handley, Petry, State of Kansas, and DCF's ("defendants") Motion for Review of Magistrate's Order (Dkt. 110). As discussed below, the motion is denied.

### I. Background

In November, 2012, defendant TFI, operating under contract with DCF, placed M.B. in Davis's home.

On March 3, 2013, Davis brought M.B. to the hospital in Hiawatha, Kansas, stating that M.B. had fallen down 30 stairs. M.B. presented as unresponsive. Healthcare providers observed extensive bruising and abrasions on M.B.'s body. He had suffered multiple injuries, including internal bleeding and a brain bleed. M.B. was flown to Children's Mercy Hospital in Kansas City, Missouri, where he died from his injuries on March 5, 2013. Cause of death was determined to be injuries sustained by non-accidental blunt-force trauma.

Soon thereafter, DCF conducted an investigation into M.B.'s death. DCF employees produced a report pursuant to the investigation. On April 29, 2015, plaintiff moved to compel production of the report and emails, letters, interviews, and case summary notes associated with the investigation. (Dkt. 59). These items are entries 1 through 20 in defendants' privilege log. (Dkt. 59-3, at 40-48). In response, defendants sought a protective order pursuant to FED. R. CIV. P. 26(c), claiming those materials are privileged work-product under Fed. R. Civ. P. 26(b). (Dkt. 59).

United States Magistrate Judge Kenneth G. Gale determined that the investigation materials were not protected work-product because defendants failed to show that they were prepared in anticipation of imminent litigation as required by Rule 26(b). (Dkt. 96). Specifically, Judge Gale determined the following:

> The Court finds Defendants have not met their burden. Defendants did not make a clear showing that the documents listed in the privilege log were made in the anticipation of imminent litigation and not through the ordinary course of business.
> 	Defendants do not make more than mere assertions that the publicity surrounding the conviction of M.P.D.B.'s father "would likely

> lead to civil litigation." (Id.) Kansas District Courts, however, have held that even the "likely chance of litigation" does not give rise to work product and more than mere assertions are required for work product protection. Williams, 245 F.R.D. at 668-69.
>
> Moreover, Defendants failed to make a clear showing the documents listed in the privilege log were not made in there ordinary course of business or that a shift occurred during their investigation to anticipating imminent litigation. DCF's policy and procedure manual indicate that, under these circumstances, a review of the incident is required. (Doc. 63-2, at 7.) The manual also indicates that DCF requires an attorney to be part of the "critical incident team." (Id., at 8.) Further, Defendants did not make a clear showing that their investigation shifted from that required in their manual to the anticipation of imminent litigation. Therefore, the work-product doctrine does not apply to any document listed in Defendants' privilege log.

(Dkt. 96, at 8-9). Judge Gale accordingly ordered the production of items 1 through 20 in the privilege log – with the exception of item 15, which is a memorandum authored by counsel after reviewing the investigative report. *Id.* at 9.

## II. Legal Standard

On a timely objection, a district judge must "modify or set aside any part of" a magistrate judge's decision on a nondispositve, pretrial matter that is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III. Analysis

Defendants object to Judge Gale's finding that the materials numbered 1 through 14 and 16 through 20 in their privilege log were not prepared in anticipation of litigation.

3

Materials are protected as work-product under Rule 26(b) if: (1) they are documents or tangible things, (2) they were prepared in anticipation of litigation or for trial, and (3) they were prepared by or for a party or a representative of that party. *Johnson v. Gmeinder*, 191 F.R.D. 638, 643 (D. Kan. 2000); *see also* FED. R. CIV. P. 26(b)(3). The work-product protection "also applies to materials prepared by an attorney's agent, if that agent acts at the attorney's direction in creating the documents." *United States v. Ary*, 518 F.3d 775, 783 (10th Cir. 2008) (citing *United States v. Nobles*, 422 U.S. 225, 238-39 (1975)). Specifically, the issue in this objection is whether the aforementioned materials were prepared in anticipation of litigation. Defendants argue that Judge Gale erred in light of DCF attorney Douglas Wood's affidavit attesting that the he oversaw the investigation into M.B.'s death, which was "done in anticipation of litigation and under my direction." (Dkt. 59-3, at 49). Upon review of the record, the court finds that Judge Gale's decision was neither contrary to law nor clear error.

As noted by Judge Gale, the DCF policy and procedure manual indicates that an attorney would oversee an investigation following any situation similar to M.B.'s death, regardless of whether litigation was imminent. Such an investigation would occur in DCF's normal course of business. Further, DCF failed to provide any evidence other than Wood's affidavit indicating that the investigation as caused by imminent litigation. Although defendants' position was supported by *some* evidence – Wood's affidavit – the court cannot say with definite and firm conviction that Judge Gale erred in determining that defendants had not carried their burden of

4

proving that the materials were produced at Wood's behest in anticipation of imminent litigation.

IT IS ACCORDINGLY ORDERED this 22nd day of September, 2015, that defendants' motion (Dkt. 110) is DENIED .

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
