# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NAOMI BOONE, individually and as personal representative of the Estate of the minor M.P.D.B., deceased,<br><br>Plaintiffs,<br>v.<br><br>TFI FAMILY SERVICES, INC., a private, not-for-profit corporation; *et al.*,<br><br>Defendants. | Case No. 14-2548-JTM-KGG |

## REPORT & RECOMMENDATION
## OF DENIAL OF PLAINTIFF'S MOTION TO AMEND

Now before the Court is Plaintiffs' "Motion for Leave to File Their First Amended Complaint." (Doc. 168.) For the reasons set forth below, the undersigned Magistrate Judge **recommends** that the motion be **DENIED**. Also pending is Defendant's Motion to Strike, which was contained in Defendant's response to Plaintiff's Motion to Amend (*See* Doc. 173, at 18-20). Defendant's motion is **GRANTED**, as more fully discussed herein.

## BACKGROUND

Plaintiffs filed their federal court Complaint against Defendants alleging violations of their civil rights, as well as multiple tort claims, stemming from the circumstances surrounding the death of M.P.D.B., a minor. (Doc. 1, at 2.)

M.P.D.B. was placed in the custody of the Department for Children and Families ("DCF") on July 10, 2012, for placement while still residing with his paternal grandmother. (Doc. 59, at 4.) DCF assigned the placement and monitoring of M.P.D.B. to TFI Family Services, Inc. ("TFI"). (*Id.*) TFI placed M.P.D.B. in the custody of his natural father, Lee Davis III. (*Id.*) A Court Order then removed M.P.D.B. from the custody of TFI and placed him with his father. (*Id.*) On March 5, 2012, M.P.D.B. died from a brain injury. (*Id.*, at 5.) Davis pleaded no contest to the second degree murder of M.P.D.B. and Davis' live-in girlfriend pleaded guilty to the second degree murder of M.P.D.B. (*Id.*)

Defendant TFI filed a Motion to Dismiss two of Plaintiff's counts against it, arguing in part that the 1983 claim must fail TFI was not acting under "color of state law." (Doc. 62, at 3-7.) The District Court granted TFI's motion, finding that TFI was not a state actor pursuant to § 1983.

> Here, certain statutes and regulations affect TFI's conduct as a child placement service, but plaintiff does not allege that they coerced or encouraged TFI's decision to place M.B. with Davis. TFI operates under a contract with the State, but plaintiff does not allege that the contract terms coerced or encouraged TFI's placement decision. DCF monitors TFI's cases to some extent, but did not know of TFI's decision to place M.B. with Davis, let alone coerce or encourage that decision. Plaintiff patently alleges that TFI retains control of its means of placement and that DCF's influence on TFI's decisions is limited to the general outcomes of placement decisions,

> not the decision itself.  At most, DCF is alleged to have acquiesced to TFI's decisions by not intervening in TFI's placement decision.
>
> The facts alleged show that TFI acted independent of DCF's influence – and perhaps even against DCF's established policies – when it placed M.B. in Davis's care.  The facts alleged thus do not indicate coercion or significant encouragement by DCF.  Likewise, the facts do not indicate that TFI's decision-making process was in concert, entwined, or commingled with DCF's decision-making.  The facts alleged indicate that TFI received no aid from DCF in determining that M.B. should be placed with Davis.  As noted above, plaintiff alleges that DCF acquiesced to TFI's decisions by not intervening when it later learned that M.B. had been placed with Davis.
>
> TFI's conduct under the facts alleged is not fairly attributable to the state.  Accordingly, plaintiff fails to allege that TFI was a state actor and thus fails to state a plausible § 1983 claim.  Count III is dismissed without prejudice.

(Doc. 136, at 6.)

The Scheduling Order entered in this case includes a deadline of July 15, 2015, for motions to amend the pleadings.  (Doc. 24, at 8.)  The District Court's Order on the Motion to Dismiss, however, was not entered until after that deadline, on September 3, 2015.  (Doc. 136.)

Plaintiff filed the present motion (Doc. 168) on January 14, 2016 – more than 4 months after the District Court's Order.  Plaintiffs seek to assert "an amended 1983 claim against TFI . . . add[ing] language to assert TFI is a state actor

performing the exclusive and traditional function of the State of Kansas." (Doc. 169, at 2.)

In the brief supporting the present motion, Plaintiff argues that

> the proposed amended complaint does not assert a new legal theory. Rather, plaintiffs assert additional facts attempting to show more precisely the relationship between TFI and the State of Kansas to support plaintiffs' 1983 claim that TFI is a state actor, and thus subject to a 1983 claim.  The relationship between TFI and the State of Kansas is the same subject matter as raised in the initial pleadings, and TFI is not prejudiced by the addition of facts which are not new to the parties, only newly presented in the pleadings.
> Plaintiffs' claim under §1983 is based on TFI's actions and inactions performed pursuant to its contract with the State of Kansas. TFI is very familiar with the facts relating to TFI's custom and practice cited in plaintiffs proposed first amended complaint, as TFI has possession of the documents and ESI supporting plaintiffs' factual claims.

(Doc. 169, at 3.)

Defendant TFI responds that Plaintiff's motion should be denied as untimely. (Doc. 173, at 3-6.)  Defendant TFI also contends that the proposed amendment is futile because it does not cure the deficiencies of Plaintiff's §1983 claim against TFI. (*Id.*, at 6-17.)  Defendant also moves to have stricken the exhibits attached to the proposed Amended Complaint. (*Id.*, at 18-20.)

## **DISCUSSION**

Because Plaintiffs have brought the present motion past the deadline to move to amend pleadings contained in the Scheduling Order, the motion first must be examined under the standards for a motion to modify the Scheduling Order, which is governed by Fed.R.Civ.P. 16(b)(4).  Only if the motion meets the criteria of Rule 16(b)(4) will the Court analyze the proposed amendment to the Complaint under Fed.R.Civ.P. 15(a).

**A.     Rule 16 Analysis.**

Defendants' arguments against the proposed amendment include that Plaintiff has failed to establish good cause for bringing the motion out of time. (*See generally* Doc. 173.)  Rule 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent."

> To establish 'good cause' the moving party must show that the scheduling order's deadline could not have been met with diligence. ***Parker v. Central Kansas Medical Center***, 178 F.Supp.2d 1205, 1210 (D.Kan.2001); ***Denmon v. Runyon***, 151 F.R.D. 404, 407 (D.Kan.1993). 'This rule gives trial courts 'wide latitude in entering scheduling orders,' and modifications to such orders are reviewed for abuse of discretion.' ***In re Daviscourt***, 353 B.R. 674, (B.A.P. 10th Cir.2006) (citing ***Burks v. Okla. Publ'g Co.***, 81 F.3d 975, 978-79 (10th Cir.1996)).

***Grieg v. Botros***, No. 08-1181-EFM-KGG, 2010 WL 3270102, at *3 (D.Kan. Aug. 12, 2010).  It is well-established in this District that motions to modify a

scheduling order focus "on the diligence of the party seeking to modify the scheduling order."  *Id.* (citing **Leviton Mfg. Co., Inc. v. Nicor, Inc**., 245 F.R.D. 524, 528 (D.N.M.2007) (internal citations omitted)).

Given the timing of the filing of Defendants' Motion to Dismiss the District Court's ruling thereon, it would have been impossible for Plaintiffs to have met the Scheduling Order deadline.  As discussed above, the dispositive motion was pending when the amendment motion deadline passed.  (*Compare* Doc. 24, Doc. 136.)  This does not, however, provide an explanation as to why Plaintiff filed the present motion (Doc. 168) more than 4 months after the District Court's Order.

Plaintiffs make no attempt to discuss the four month lapse.  Rather, Plaintiffs brush off the issue by merely stating that "'[l]ateness does not itself justify the denial of the amendment.'"  (Doc. 169, at 3 (*citing* **R.E.B., Inc. v. Ralston Purina Co.**, 525 F.2d 749, 751 (10th Cir. 1975).)  The subsequent Tenth Circuit decision in **Minter v. Prime Equipment Co**., however, clarifies the distinction between "delay" and "undue delay."  451 F.3d 1196, 1205-06 (10th Cir.2006).

Delay is to be considered undue, and thus an appropriate basis to deny a proposed amendment, "when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206 (*citing* **Frank v. U.S. West**, 3 F.3d 1357, 1365–66 (10th Cir.1993); **Durham v. Xerox Corp**., 18 F.3d 836, 840 (10th

6

Cir.1994) (holding that "unexplained delay alone justifies the district court's discretionary decision."); **Fed. Ins. Co. v. Gates Learjet Corp**., 823 F.2d 383, 387 (10th Cir.1987) (holding that "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

The Court agrees with Defendant TFI that "[o]n the facts of this case, Plaintiff has failed to meet her burden to show a valid reason for her neglect or delay."  (Doc. 173, at 5.)  Whether or not Plaintiffs have an adequate explanation for the delay in moving for the amendment, Plaintiffs' brief is devoid of any such explanation.  The argument is thus waived. *See* **State Farm Fire & Caus. Co. v. Bell**, No. 12-2456-KHV-KGG, 2013 WL 5530272, at n.2 (D. Kan. Oct. 4, 2013) (*citing*  **Rice v. Deloitte Consulting LLP**, 2013 WL 3448198, *3 (D.Colo. July 9, 2013) (*citing* **Alcohol Monitoring Sys. v. Actsoft, Inc.**, 682 F.Supp.2d 1237, 1242 (D. Colo. 2010) (holding that arguments not raised in an original motion, but rather addressed for the first time in a reply brief, are waived)).  The Court therefore **recommends** to the District Court that the Motion to Amend should be **DENIED**

as unduly delayed.[1]  Because the Court finds that Plaintiff did not meet the requirements of Rule 16, it is unnecessary for the Court to engage in a Rule 15 analysis relating to the potential futility of the proposed amendment.

**B.     Motion to Strike Exhibits.**

Finally, Defendant moves, pursuant to Fed.R.Civ.P. 12(f), to strike the exhibits attached to Plaintiff's proposed Amended Complaint.  Rule 12(f) allows a court to strike from a pleading ". . .any redundant, immaterial, impertinent, or scandalous matter."  Defendant contends that the information is unnecessary as it is merely "intended as evidence to support specific factual allegations made by Plaintiff."  (Doc. 173, at 18.)  Defendant also argues that the documents implicate the privacy rights of, and include "damning allegations" against, non-parties.  (*Id.*, at 19.)  Defendant finds this particularly troubling given the publicity this case has received.  (*Id.*)

The Court agrees that the documents serve no substantive purpose.  A party is not required to include exhibits or evidence to support factual allegations contained in a complaint.  These documents are extraneous to the proposed Amended Complaint and should therefore be stricken.  Defendant's motion is, therefore, **GRANTED**.

---

[1] Defendant's motion for leave to file a surreply (Doc. 188) is **DENIED** as moot.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Leave to Amend (Doc. 168) be **DENIED**.

**IT IS THEREFORE ORDERED** that the Motion to Strike contained in Defendant's response (Doc. 173) to Plaintiff's Motion for Leave is **GRANTED**.

Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, the parties shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Any party's failure to file such written, specific objections within the fourteen-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED.**

Dated at Wichita, Kansas, on this 27th day of April, 2016.

                                     S/ KENNETH G. GALE
                                     KENNETH G. GALE
                                     United States Magistrate Judge