# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NAOMI BOONE, individually and as )
personal representative of the Estate of )
the minor M.P.D.B., deceased, )
                                                      )
           Plaintiffs, )
v. ) Case No. 14-2548-JTM-KGG
                                                      )
TFI FAMILY SERVICES, INC., )
a private, not-for-profit corporation; *et al*., )
                                                      )
           Defendants. )
_____ )

## ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel. (Doc. 193.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed their federal court Complaint against Defendants alleging violations of their civil rights, as well as multiple tort claims, stemming from the circumstances surrounding the death of M.P.D.B., a minor. (Doc. 1, at 2.) M.P.D.B. was placed in the custody of the Department for Children and Families ("DCF") on July 10, 2012, for placement while still residing with his paternal grandmother. (Doc. 59, at 4.) DCF assigned the placement and monitoring of M.P.D.B. to TFI Family Services, Inc. ("TFI"). (*Id*.) TFI placed M.P.D.B. in the custody of his natural father, Lee Davis III. (*Id*.) A Court Order then removed M.P.D.B. from the custody of TFI

and placed him with his father. (*Id.*) On March 5, 2012, M.P.D.B. died from a brain injury. (*Id.*, at 5.) Davis pleaded no contest to the second degree murder of M.P.D.B. and Davis' live-in girlfriend pleaded guilty to the second degree murder of M.P.D.B. (*Id.*) In Plaintiffs' words, "[t]he heart of [their] claim is TFI's reckless and highly inappropriate decision to place M.B. with his father." (Doc. 194, at 2.)

The present motion stems from Requests for Production that Plaintiffs served on Defendant TFI seeking ESI "relating to TFI's . . . placements involving four children who are subjects of" certain KDHE administrative cases. (*Id.*, at 3.) After certain discussions between the parties, TFI eventually produced 172 GB of ESI. According to Plaintiff, Defendant "did not produce ESI concerning the foster children who were the subject of the [aforementioned] KDHE administrative actions." (*Id.*)

## DISCUSSION

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be

discoverable.

Defendant contends that the information sought is irrelevant on its face because the discovery request sought information regarding foster children in out-of-home placements. (Doc. 221, at 5.) Defendant argues that the policies and procedures relating to M.B.'s placement were entirely different – and thus irrelevant – because M.B.'s case involved reintegration with a biological parent as opposed to out-of-home foster care. (*Id.*, at 5-6.) The Court does not agree that the request seeks irrelevant information. Rather, the Court finds that the request is relevant on its face as it seeks evidence which could be germane to Plaintiffs' theory of pattern or habit, the negligence claim, or the issue recklessness in support of a punitive damages claim.

Defendant has not presented a compelling argument that the differences between the "reintegration" decision-making process and a foster placement decision makes this request <u>factually</u> irrelevant. For example, if one of the requested cases involved TFI disregarding a history of violence in a foster home, this would be relevant to the allegations of negligence in the present case regardless of the reintegration/foster home distinction.

Defendant also argues that, pursuant to the changes to Fed.R.Civ.P. 26, the discovery sought is not proportional to the needs of the case. As stated above, in determining the proportionality argument, the Court will look at "the importance of

3

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1); *see also* **Blair v. Transam Trucking, Inc.**, No. 09-2443-EFM-KGG, 2016 WL175446, *2 (D. Kan. April 9, 2016). Defendant has failed to establish that its resources or burden of the potential expense outweighs the undeniably important nature of the issues at stake in this case and the facially relevant nature of the request.

The Court notes Defendant's argument that the requested information is inadmissible pursuant to Fed.R.Evid. 404 and 406. (*See* Doc. 221, at 15-18.) Whether the actual evidence produced will be admissible at a subsequent trial is not the standard for this discovery motion.

Finally, Defendant argues that the information requested implicates "confidential and private information." (Doc. 221, at 19.) It is well-established in this District that private or confidential documents are not necessarily shielded from discovery because "privileged" and "confidential" are two distinct concepts. *See* **Kendall State Bank v. West Point Underwriters, LLC**, No. 10–2319–JTM–KGG, 2013 WL 593957, at *2 (D.Kan. Feb.15, 2013) (citing **McCloud v. Board of Geary County Comm'rs**, No.2008 WL 1743444, at *4 (D. Kan. April 11, 2008) (holding that

even assuming certain records are "'private' or confidential, this does not mean the records are privileged and/or nondiscoverable")). Defendant's concerns be addressed through a protective order.

For these reasons, Plaintiffs' motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 193) is **GRANTED** as more fully set forth herein.  Supplemental responses shall be served on or before **July 1, 2016**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 3rd day of June, 2016.

                                        S/ KENNETH G. GALE
                                        KENNETH G. GALE
                                        United States Magistrate Judge