# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NAOMI BOONE, individually and as )
personal representative of the Estate of )
the minor M.P.D.B., deceased, )
)
                Plaintiffs, )
v. )   Case No. 14-2548-JTM-KGG
)
TFI FAMILY SERVICES, INC., )
a private, not-for-profit corporation; *et al.*, )
)
                Defendants. )
_____ )

## ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel. (Doc. 197.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

The background of this civil rights and torts case was recently summarized in the Court's June 3, 2016, Order (Do. 252) granting another motion to compel (Doc. 193) filed by Plaintiff. For the sake of clarity, the Court will include that background herein:

> Plaintiffs filed their federal court Complaint against Defendants alleging violations of their civil rights, as well as multiple tort claims, stemming from the circumstances surrounding the death of M.P.D.B., a minor. (Doc. 1, at 2.) M.P.D.B. was placed in the custody of the Department for Children and Families ('DCF') on July 10, 2012, for placement while still residing with his paternal grandmother. (Doc. 59, at 4.) DCF assigned the placement and monitoring of M.P.D.B. to TFI Family Services, Inc.

>   ('TFI'). (*Id*.) TFI placed M.P.D.B. in the custody of his natural father, Lee Davis III. (*Id*.) A Court Order then removed M.P.D.B. from the custody of TFI and placed him with his father. (*Id*.) On March 5, 2012, M.P.D.B. died from a brain injury. (*Id*., at 5.) Davis pleaded no contest to the second degree murder of M.P.D.B. and Davis' live-in girlfriend pleaded guilty to the second degree murder of M.P.D.B. (*Id*.) In Plaintiffs' words, '[t]he heart of [their] claim is TFI's reckless and highly inappropriate decision to place M.B. with his father.' (Doc. 194, at 2.)

(Doc. 252, at 1-2.)

The present motion seeks information on "DCF's ESI relating to [the] KDHE administrative action against TFI, and the four foster children who were the subject of those actions." (Doc. 198, at 4.) Defendant objects that the discovery requests at issue are not reasonably calculated to lead to the discovery of admissible evidence, are overly broad, are unduly burdensome, and implicate "confidential" information. (*See generally*, Doc. 222.)

The Court notes the information sought in the present motion – and the issues and arguments raised by the parties – correlates to what the Court addressed in the aforementioned June 3rd Order (Doc. 252). The Court reiterates that the information requested could be germane to Plaintiffs' theory of pattern or habit, the negligence claim, or the issue recklessness in support of a punitive damages claim. Thus the Court is unpersuaded by Defendant's argument that the information is not reasonably calculated to lead to the discovery of admissible evidence.

Also similar to the argument raised by Defendant TFI in the context of the prior discovery motion, Defendant DCF complains that the requested discovery is unduly burdensome and expensive to produce. (Doc. 222, at 8-9.) In determining the proportionality argument, the Court looks at "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1). As it did with TFI, the Court finds that DCF has failed to establish that its resources or burden of the potential expense outweighs the undeniably important nature of the issues at stake in this case and the facially relevant nature of the request.

Finally, like Defendant TFI, Defendant DCF argues that the information requested implicates "confidential" information. (Doc. 222, at 9.) It is well-established in this District that private or confidential documents are not necessarily shielded from discovery because "privileged" and "confidential" are two distinct concepts. *See* **Kendall State Bank v. West Point Underwriters, LLC**, No. 10–2319–JTM–KGG, 2013 WL 593957, at *2 (D.Kan. Feb.15, 2013) (citing **McCloud v. Board of Geary County Comm'rs**, No.2008 WL 1743444, at *4 (D. Kan. April 11, 2008) (holding that even assuming certain records are "'private' or

3

confidential, this does not mean the records are privileged and/or nondiscoverable")). Defendant's concerns be addressed through a protective order.

For these reasons, Plaintiffs' motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 197) is **GRANTED** as more fully set forth herein.  Supplemental responses shall be served on or before **July 6, 2016**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 6th day of June, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge