# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

NAOMI BOONE, *et al.*,           )
                                 )
       Plaintiffs,              )
                                 )
v.                               )   Case No. 14-2548-JTM-KGG
                                 )
TFI FAMILY SERVICES, INC., *et al.*,   )
                                 )
       Defendants.              )
_____  )

## ORDER ON MOTION TO QUASH
## SUBPOENA AND FOR PROTECTIVE ORDER

Now before the Court is the Motion to Quash Subpoena and for Protective Order (Doc. 229) filed by witness the Hon. Angela Hecke, relating to a subpoena to provide deposition testimony served on her by Plaintiffs in the above-captioned matter (Doc. 231-1.) Having reviewed the submissions of the parties, the Court **GRANTS** Judge Hecke's motion.

## FACTS

The background of this civil rights and torts case was recently summarized in the Court's June 3, 2016, Order (Do. 252) granting a motion to compel (Doc. 193) filed by Plaintiffs. For the sake of clarity, the Court will include that background herein:

> Plaintiffs filed their federal court Complaint against
> Defendants alleging violations of their civil rights, as

1

> well as multiple tort claims, stemming from the circumstances surrounding the death of M.P.D.B., a minor. (Doc. 1, at 2.) M.P.D.B. was placed in the custody of the Department for Children and Families ('DCF') on July 10, 2012, for placement while still residing with his paternal grandmother. (Doc. 59, at 4.) DCF assigned the placement and monitoring of M.P.D.B. to TFI Family Services, Inc. ('TFI'). (*Id*.) TFI placed M.P.D.B. in the custody of his natural father, Lee Davis III. (*Id*.) A Court Order then removed M.P.D.B. from the custody of TFI and placed him with his father. (*Id*.) On March 5, 2012, M.P.D.B. died from a brain injury. (*Id*., at 5.) Davis pleaded no contest to the second degree murder of M.P.D.B. and Davis' live-in girlfriend pleaded guilty to the second degree murder of M.P.D.B. (*Id*.) In Plaintiffs' words, '[t]he heart of [their] claim is TFI's reckless and highly inappropriate decision to place M.B. with his father.' (Doc. 194, at 2.)

(Doc. 252, at 1-2.)

The present motion requests that the Court quash a subpoena to provide deposition testimony served on the Hon. Angela Hecke, District Magistrate Judge for the 22nd Judicial District in Kansas. It is undisputed that Judge Hecke presided over various hearings in the Child In Need of Care ("CINC") proceedings filed in the District Court of Brown County, Kansas, relating to the removal of M.B. from his mother's custody.

## ANALYSIS

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

2

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending....  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> \* \* \*
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> \* \* \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order.  *Id.*; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010).  To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.  **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at \*2 (D.Kan. July 25, 2002).

Judge Hecke argues that good cause to quash exists because she is shielded from deposition by the doctrine of judicial immunity.  (Doc. 231, at 2-3.)  She

3

argues that it is "well-settled that courts do not allow inquiry in to the mental processes used by a judge in rendering judgments or engaging in other judicial functions." (*Id*., at 2, citations omitted.) She contends that the "proposed deposition could well run afoul of prohibitions against inquiring into the mental process she used during the CINC proceeding, and would very likely land in the realm of explanatory and observational testimony." (*Id*., at 3.)

Judge Hecke also argues that Plaintiffs have failed to establish "extraordinary need" for her testimony. (*Id*., at 3-4.) It is well-settled that "asking a . . . judge to testify is a serious matter." ***United States v. Ianniello***, 866 F.2d 540, 544 (2d Cir.1989). Typically, "[a]bsent a showing of extraordinary need, a judge may not be compelled to testify about matters observed as the consequence of the performance of his [or her] official duties." ***Hensley v. Alcon Laboratories, Inc***., 197 F.Supp.2d 548, 550 (S.D. W.Va.2002). It is uncontested by the parties that "[a] judge should only be required to testify if he or she possesses factual knowledge; the knowledge is highly pertinent to the jury's task; and the judge is the only possible source of testimony on the relevant factual information." ***State of Kansas v. Comprehensive Health of Planned Parenthood of Kansas and Mid-Missouri, Inc***., 241 P.3d 45, 73 (Kan. 2010) (citing ***United States v. Roth***, 332 F.Supp.2d 565, 568 (S.D.N.Y.2004)).

Plaintiffs have failed to establish that Judge Hecke "is the only possible source" for the testimony sought. In this regard, Plaintiffs argue that "Judge Hecke's recollection of the CINC proceedings will present a particular version of the facts that occurred during those events, unlike any other recollection that may be available." (Doc. 238, at 6.) In the Court's view, Plaintiffs' indicates that they hope to inquire into Judge Hecke's mental process, virtually ensuring that the deposition would improperly "land in the realm of explanatory and observational testimony." For this reason, Judge Hecke's Motion to Quash (Doc. 229) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Judge Hecke's Motion to Quash Subpoena and for Protective Order (Doc. 229) is **GRANTED** in its entirety. Judge Hecke shall not be deposed in the present matter.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2016, at Wichita, Kansas.

 s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE